1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 HOPE'S ARCHITECTURAL PRODUCTS, INC., Plaintiff-Appellant,
v.
LUNDY'S CONSTRUCTION, INC., Bank IV Olathe, N.A.,
Defendants-Appellees.
 No. 92-3023.
 United States Court of Appeals, Tenth Circuit.
 July 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BENSON, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Hope's Architectural Products, Inc., a manufacturer of custom windows, brought suit against Lundy's Construction, Inc., general contractor on a school construction project, and Bank IV Olathe, N.A., surety for a Kansas statutory construction bond. Hope's had contracted with Lundy's to manufacture and install custom steel windows in a Kansas elementary school addition. Hope's complaint asserted claims for breach of contract and quantum meruit and sought damages from both defendants.
 
 
 6
 The district court granted partial summary judgment to Bank IV on Hope's claim against the statutory bond. After a short trial to the court, the district court entered judgment for defendants and against Hope's on the remaining issues. Hope's appeals, contending that the district court erred in 1) its ruling that Hope's claim is not covered by Bank IV's statutory bond, and 2) its ruling that Hope's could not demand assurances from Lundy's under the Kansas version of the UCC.
 
 
 7
 The district court's jurisdiction was based on 28 U.S.C. Sec. 1332. We have jurisdiction over this appeal by virtue of 28 U.S.C. Sec. 1291. Neither party challenges the district court's application of Kansas law to this diversity action. We review that court's legal conclusions de novo, Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992), and its factual findings under the clearly erroneous standard, O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir.1992), without giving deference to the district court's interpretation of Kansas law, Salve Regina College v. Russell, 111 S.Ct. 1217, 1221-22 (1991).
 
 
 8
 Following our careful review of the record on appeal, together with the parties' briefs, we conclude that the district court correctly decided the issues on appeal in this case. Therefore, for substantially the same reasons stated in the district court's thorough and well-reasoned orders dated April 14, 1991, and December 18, 1991, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3